

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

June 17, 2022

**VIA ECF**

Hon. Diane Gujarati, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Fischler v. Rahal Biosciences, Inc.**
*Case No. 22-cv-2711 (DG) (VMS)*

Dear Judge Gujarati:

We represent defendant Rahal Biosciences, Inc. in the above-referenced matter, and we submit this letter to paragraph III.A.1 of Your Honor's Individual Practice Rules to request a pre-motion conference in this case for the purpose of making a motion to dismiss. Defendant seeks to move to dismiss the case on several grounds, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

This case was brought under the Americans with Disabilities Act (and parallel New York City law), and alleges that defendant's website is inaccessible to the blind/visually impaired.  While the complaint in this lawsuit is less "cookie cutter" than many of the similar lawsuits filed in this district, plaintiff still lacks standing to bring the ADA claims asserted. In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167, 180-81 (2000).  But plaintiff has failed to satisfy the third element of standing because he has failed to adequately plead that he would be injured in the future by the alleged problems with the website.

Moreover, defendant contends that plaintiff's complaint fails to state a claim upon which relief can be granted because the website in question is not a place of public accommodation covered by the Americans with Disabilities Act. Specifically, it is a standalone website that lacks any connection to a public facing brick and mortar business. Numerous courts have held that Title III of the ADA, pursuant to which this lawsuit has been brought, does not cover such intangible businesses, but only <u>physical</u> places of public accommodation. Plaintiff will likely try to portray this as a settled legal question, and therefore argue that defendant's motion is moot or a waste of the Court's time. To be sure,

Hon. Diane Gujarati, U.S.D.J.
June 17, 2022
Page 2 of 2

there are cases in this Circuit that support plaintiff's position. But every single one of those cases is non-binding (and, indeed, some of them are dicta). The Second Circuit has never addressed this precise issue. Moreover, almost all of the cases upon which plaintiff will rely were decided <u>before</u> three district court cases from 2021 adopted the argument that defendant raises here — *Suris v. Gannett Co.*, 2021 WL 2953218 (E.D.N.Y. July 14, 2021), *Winegard v. Newsday LLC*, 2021 WL 3617522 (E.D.N.Y. Aug. 16, 2021), *Martinez v. MyLife.com, Inc.*, 2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021) — and therefore did not grapple with the analyses that those decisions provided. Indeed, only <u>one</u> case plaintiff will likely rely upon (*Romero v. 88 Acres Foods, Inc.*, 2022 WL 158686 (S.D.N.Y. Jan. 18, 2022)) even mentions the comprehensive *Newsday* decision. And given the fact that rulings from five federal Circuit Courts — the Third, Fifth, Sixth, Ninth, and Eleventh — *do* support defendant's position, and given the existence of multiple recent district court decisions in this district that also do so, defendant submits that there are important legal issues that this Court will be required to address.

      Additionally, the same standing and pleading analysis described above applies under New York City law, and thus plaintiff's claims should be dismissed on that basis; even if the analysis did not, defendant would argue in the alternative that the court should not accept supplemental jurisdiction over that claim if it dismissed plaintiff's federal claims. Indeed, because plaintiff's claims under the ADA are purely for injunctive relief, the New York City law claims, which allow for damages, are likely to predominate over federal claims.

      Further, plaintiff asks for compensatory damages without ever even pleading that he has actually been damaged; he asks for statutory damages that do not exist under the applicable statutes; and he asks for "civil penalties and fines" for which there is no private right of action. All of these represent further grounds for dismissal of some of the claims.

      We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions, and we look forward to fully briefing these issues for the Court's consideration.

                                                     Respectfully submitted,

                                                     David Stein

cc: Christopher H. Lowe, Esq. (via ECF)