

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

October 24, 2022

**VIA ECF**

Hon. Diane Gujarati, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:**    **Fischler v. Rahal Biosciences, Inc.**
           *Case No. 22-cv-2711 (DG) (VMS)*

Dear Judge Gujarati:

    We represent defendant Rahal Biosciences, Inc. in the above-referenced matter, and we submit this letter to paragraph III.A.1 of Your Honor's Individual Practice Rules to renew defendant's request for a pre-motion conference in this case for the purpose of making a motion to dismiss plaintiff's First Amended Complaint. Defendant seeks to move to dismiss the case on several grounds, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

    As Your Honor may recall from defendant's earlier pre-motion letter in this case [Docket Entry 11], this case is an Americans with Disabilities Act case that alleges that defendant's website is inaccessible to the blind/visually impaired. Based on plaintiff's original complaint, defendant stated its intention to file a motion to dismiss on two primary grounds: (1) that plaintiff lacked Article III standing because the complaint inadequately pleaded the future injury necessary for injunctive relief under the ADA; and (2) that plaintiff had failed to state a claim upon which relief can be granted because defendant's standalone website is not a place of public accommodation covered by the Americans with Disabilities Act. (Defendant raised some other, less significant pleading issues as well.)

    In response to defendant's pre-motion letter, plaintiff ultimately amended his complaint. However, defendant believes that the minor changes that plaintiff made are insufficient to cure the first deficiency, and the second deficiency presents a pure question of law that could not be cured by repleading. Therefore, defendant still wishes to proceed with its motion. Although these two issues were described in defendant's original pre-motion letter, and we incorporate them by reference herein, we will set them out again briefly for the Court's convenience:

    <u>Lack of standing</u>: In cases such as *Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2nd Cir. 2022), the Second Circuit has set forth the sort of information required to be pleaded to establish the future injury necessary for standing. Plaintiff has added only a

conclusory paragraph to the amended complaint to address that issue, and defendant believes it to be inadequate.

  <u>Failure to state a claim upon which relief can be granted</u>: Defendant's business comprises nothing more than a standalone website with no public-facing brick-and-mortar component. Although five circuit courts of appeal have rejected the application of the ADA to businesses with no physical component, the Second Circuit itself has not spoken as to whether such a website constitutes a place of public accommodation under the ADA, and there is a split of authority among lower courts in this Circuit. This presents a question of statutory interpretation, and we believe that decisions by Judge Komitee and Judge Cogan are quite persuasive on the matter.

  We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions, and we look forward to fully briefing these issues for the Court's consideration.

            Respectfully submitted,

            David Stein

cc: Christopher H. Lowe, Esq. (via ECF)